1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ERIC JOHNSON,                        1:12-cv-01956-BAM (HC)

10               Petitioner,        ORDER TO SHOW CAUSE WHY PETITION
                                       FOR WRIT OF HABEAS CORPUS SHOULD

11      v.                          NOT BE DISMISSED

12                                [Doc. 1]
    RAUL LOPEZ,

13

14               Respondent.
_____/

15

16       Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of

17
the United States magistrate judge.  Local Rule 305(b).

18       Petitioner filed the instant petition for writ of habeas corpus on November 30, 2012.

19
## DISCUSSION

20
       Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

21
review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

22
plainly appears from the face of the petition . . . that the petition is not entitled to relief."  Rule 4

23
of the Rules Governing  2254 Cases; see also  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

24
1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it

25
appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

26
440 F.2d 13, 14 (9th Cir. 1971).

27

28

I.      Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States

Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In Ground One, Petitioner claims that he was denied effective assistance of appellate

counsel.  Petitioner states that claims of ineffective assistance of counsel cannot be raised on

state collateral review because the constitutional violation occurred after such review.  Petitioner

is advised that all claims, including ineffective assistance of counsel, must be raised to state court

by way of direct appeal or state collateral review.  Because it is unclear if this claim has been

presented to the state's highest court, Petitioner will be ordered to show cause regarding

1   exhaustion.  If possible, Petitioner should present to the Court documentary evidence that the

2   claims were indeed presented to the California Supreme Court.[1]

3   II.      Failure to State a Cognizable Claim

4           In Ground Two, Petitioner raises a claim of newly discovered evidence.  However, there

5   is no free-standing constitutional claim of newly discovered evidence.  Towsend v. Sain, 372

6   U.S. 293, 317 (1963) ("the existence merely of newly discovered evidence relevant to the guilt of

7   a state prisoner is not a ground for relief on federal habeas corpus"), overruled on other grounds

8   by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).  This claim is subject to dismissal for failure to

9   state a cognizable claim after the issue of exhaustion has been resolved.

10                                              ORDER

11          Accordingly, it is HEREBY ORDERED that:

12      1.       Within thirty (30) days from the date of service of this order, Petitioner shall show

13               cause as to what claims, if any, were presented to the state's highest court; and

14      2.       Petitioner is advised that the failure to comply with this order may result in the

15               action be dismissed for failure to comply with a court order.  Local Rule 11-110.

16          IT IS SO ORDERED.

17   Dated:    December 13, 2012                     /s/ Barbara A. McAuliffe
                                               UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27          [1]A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The

28   proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes
     the claim now presented and a file stamp showing that it was indeed filed in that Court.

                                                  4