# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RAUL LOPEZ,<br><br>　　　　　　Respondent.<br>_____/ | 1:12-cv-01956-BAM (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, TERMINATING MOTION FOR COUNSEL AS MOOT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Docs. 1, 7, 8] |

　　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

　　　　Petitioner filed the instant petition for writ of habeas corpus on November 30, 2012. Petitioner raises the following two claims for relief in the instant petition: (1) ineffective assistance of appellate counsel; and (2) newly discovered evidence.

　　　　On December 14, 2012, the undersigned issued an order to show cause why the petition should not be dismissed for failure to exhaust the state court remedies and for failure to state a cognizable claim.  Petitioner filed a response to the order to show cause on December 26, 2012.

　　　　In his response to the order to show cause, Petitioner continues to maintain that ineffective assistance of appellate counsel claims cannot and need not be exhausted in the state courts because the alleged misconduct took place after the trial and direct appeal proceedings. Petitioner is mistaken.  A petitioner who is in state custody and wishes to collaterally challenge

his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies with respect to every claim. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). Under California law, "[w]here the record does not illuminate the basis for the challenged acts or omissions, a claim of ineffective assistance is more appropriately made in a petition for habeas corpus." People v. Pope, 23 Cal.3d 412, 426 (1979), overruled on other grounds by People v. Berryman, 6 Cal.4th 1048, 1081 (1993). Because Petitioner concedes that his ineffective assistance of appellate counsel claim is unexhausted, it must be dismissed without prejudice.

With regard to Petitioner's second claim based on newly discovered evidence, it too is subject to dismissal for failure to state a cognizable claim. As explained in the Court's December 14, 2012, order, there is no free-standing constitutional claim of newly discovered evidence. Towsend v. Sain, 372 U.S. 293, 317 (1963) ("the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus"), overruled on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992). Accordingly, even assuming this claim was exhausted, it must be dismissed for failure to state a cognizable claim.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2254 Cases. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's ineffective assistance of appellate counsel claim is DISMISSED without prejudice for failure to exhaust the state court remedies;

///

2. Petitioner's claim based on newly discovered evidence is DISMISSED for failure to state a cognizable claim;

3. Petitioner's motion for appointment of counsel filed on December 17, 2012, is DENIED as moot;

4. The Clerk of Court is directed to terminate this action; and

5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   December 27, 2012                    /s/ Barbara A. McAuliffe
                                             UNITED STATES MAGISTRATE JUDGE