1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   ERIC JOHNSON,                               1:12-cv-01956-BAM (HC)

10                  Petitioner,        ORDER DENYING PETITIONER'S MOTION
                                      FOR RECONSIDERATION OF COURT'S

11      v.                               DECEMBER 27, 2012 ORDER DISMISSING
                                      THE PETITION FOR WRIT OF HABEAS

12                                         CORPUS
  RAUL LOPEZ,

13                                    [ECF No. 11]
                 Respondent.

14   _____/

15
16
       On December 27, 2012, the instant petition for writ of habeas corpus filed pursuant to 28

17   U.S.C. § 2254 was dismissed for failure to exhaust the state court remedies and failure to state a

  cognizable claim.
18

19        On January 14, 2013, Petitioner filed a motion for reconsideration contending that the

20   court erroneously dismissed his ineffective assistance of appellate counsel claim for failure to

  exhaust the state court remedies because exhaustion is not required for such a claim.
21

22        A United States Magistrate Judge may obtain jurisdiction by consent of the parties.  See

23   28 U.S.C. § 636.  On December 12, 2012, Petitioner indicated that he consented to have the

24   undersigned magistrate judge issue all dispositive rulings in this case pursuant to 28 U.S.C. §

  636(c).  That subsection provides that the magistrate judge "may conduct any or all proceedings
25

26   in a jury or nonjury civil matter and order the entry of judgment. . . ."  In such cases, the

27   magistrate judge sits as the district judge, and therefore rules on all matters in the case.

28

It now appears that Petitioner mistakenly believes that despite his consent to magistrate judge jurisdiction, he has recourse by way of a motion for reconsideration before a district judge. However, when a party has consented to proceed before a magistrate judge, as Petitioner did, that party should file a motion for reconsideration with the magistrate judge who issued the order. Therefore, Petitioner is not entitled to reconsideration by a district judge and his request is denied.  The Court will construe Petitioner's motion to request reconsideration by the undersigned of the December 27, 2012 order dismissing the petition for failure to exhaust the state court remedies.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  <u>Id.</u> (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision." <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The basis for Petitioner's motion for reconsideration is his disagreement with the Court's preliminary review of the petition and application of the law to his petition.  In this Court's order, it was explained to Petitioner that exhaustion of all claims presented in a petition for writ of

1   habeas filed pursuant to 28 U.S.C. § 2254 must be presented to the State's highest court and

2   claims of ineffective assistance of trial or appellate counsel are in general more appropriately

3   raised by way of state collateral petition for writ of habeas corpus.  This Court is bound by the

4   exhaustion requirement which is mandated by statute, see 28 U.S.C. § 2254, and comity requires

5   he first present his claims to the state courts.  Coleman v. Thompson, 501 U.S. 772, 731 (1991).

6   Petitioner has not shown clear error or other meritorious grounds for relief, and has therefore not

7   met his burden as the party moving for reconsideration.  Marlyn Nutraceuticals, Inc., 571 F.3d at

8   880.  Petitioner's disagreement is not sufficient grounds for relief from the order.  Westlands

9   Water Dist., 134 F.Supp.2d at 1131.  Accordingly, Petitioner's motion for reconsideration is

10   denied.

11          IT IS SO ORDERED.

12   **Dated:    January 24, 2013**              _____ /s/ **Barbara A. McAuliffe**_____
                                          UNITED STATES MAGISTRATE JUDGE